UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BARRY JAMESON, | No. CV 10-08790-CAS (VBK) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| JOHN MARSHALL, et al., | |
| Defendants. | |

On February 11, 2011, Barry Jameson (hereinafter referred to as "Plaintiff") filed a civil rights Complaint pursuant to 42 U.S.C. §§1983 and 1985 against 33 Defendants (various prison officials at California Men's Colony ("CMC") located in San Luis Obispo, California and Pleasant Valley State Prison ("PVSP") located in Coalinga, California.) Plaintiff has named these Defendants in both their individual and official capacities. Plaintiff's claims are as follows: "(1) prison officials denied Plaintiff his constitutional right of access to the courts and interfered and thwarted his freedom of speech; (2) Plaintiff has been discriminated against and suffered damages due to being disabled; (3) placing Plaintiff into isolation and refusing to give him his prescription glasses or reading glasses

was cruel and unusual punishment and a violation of the Americans with Disabilities Act; (4) causing Plaintiff to serve an extra year in prison on the premise he needed to have a psychological evaluation was in clear violation of statutes and the Federal Constitution and was a violation of the Eighth Amendment; (5) Plaintiff was subjected to a ten-month lockdown by prison officials with no exercise or ability to leave his cell based on his race which has caused him permanent injury and was cruel and unusual punishment; (6) prison officials and guards refusing to return Plaintiff's legal files has caused Plaintiff to be unable to access the courts and in cases being dismissed; (7) prison officials at Pleasant Valley State Prison refused to allow Plaintiff telephonic access to the courts repeatedly, causing dismissal of a case and damages, in violation of federal due process guarantees; (8) Plaintiff's right of access to the courts was denied by prison officials' refusal to mail legal documents to attorneys hired by the State for State employees, because of Plaintiff being indigent; and (9) prison officials refusal to process administrative appeals, due to the warden's stated policy not to, has repeatedly denied Plaintiff access to the courts and thwarted his free speech in violation of the Federal Constitution." (See Complaint at 10-77.) Plaintiff seeks compensatory damages and punitive damages. (Id. at 77.)

Plaintiff has named the following Defendants: John Marshal (Warden at CMC; D. Engler, Correctional Counselor; T. L. Cook (Captain at CMC East); B. C. Kirker (Lieutenant at CMC); C. D. Reece (Lieutenant at CMC); M. Hughes (Sergeant at CMC); B. Escobedo (Guard at CMC); D. Williams (Guard at CMC); G. Garza (Administrative Segregation Unit ["ASU"] - Property Officer at CMC); Ben Curry (Warden at Correctional Training Facility ["CTF"]); James A. Yates (Warden at

PVSP; J. Mattingly (Associate Warden at PVSP); P. D. Brazelton (Associate Warden at PVSP); R. Shannon (Captain at PVSP); C. Huckabay (Correctional Counselor II at PVSP); D. Stone (Sergeant at PVSP mail room); M. Gastelum (Office Assistant at PVSP); Roger Kevorkian (Librarian at PVSP); B. Wisneski (Program Lieutenant at CMC); R. Furster (Program Lieutenant at CMC); M. Ortiz (Program Sergeant at CMC); A. Shimmin (Administrative Assistant and CDCR Lieutenant at PVSP); Belton (Correctional Officer at PVSP); N. Grannis (Chief of Inmate Appeals at CDCR); G. Duran (Correctional Counselor II at PVSP); J. Herrera (Correctional Counselor II at PVSP); L. Harten (Correctional Counselor II at PVSP); H. Martinez (Correctional Counselor II at PVSP); L. Macken (Correctional Counselor II at PVSP); L. Wilson (Office Technician at PVSP); K. R. Nash (Associate Warden II at PVSP); Does 1-10 (employees at CMC) and Does 11-12 (employees at PVSP). (Complaint at pp. 3-9.)

**STANDARD OF REVIEW**

Because Plaintiff is seeking to proceed in forma pauperis, the Court shall review such a complaint "as soon as practicable after docketing." Pursuant to 28 U.S.C. §1915(e)(2), the District Court is required to dismiss a complaint if the Court finds that the complaint (1) is legally frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §1915(e)(2)(B) (re: all in forma pauperis complaints).

A complaint may also be dismissed for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1). Neitzke v. Williams, 319, 327 n.6, 109 S.Ct. 1827 (1989) (unanimous decision)(patently

3

insubstantial complaint may be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. When considering a dismissal, a Court must accept as true all allegations and material facts and must construe those facts in a light most favorable to the plaintiff. Resnick v. Hays, 213 F.3d 443, 447 (9th Cir. 2000). However, a "court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Nor is a Court "bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 858 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. 1937, 1949, 172 L.Ed.2d 868 (2009)(citing Twombly, 550 U.S. at 556.) "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." (Id.) Although a complaint need not include "'detailed factual allegations,' ... [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of the cause of action will not do.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555. The Complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "[W]here the well-

pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" (Id. at 1950 [quoting Fed.R.Civ.P. 8(a)(2) (internal brackets omitted). "[A] well-pled complaint may proceed even if it appears that a recovery is very remote and unlikely." Twombly, 55 U.S. at 556, 127 S.Ct. 1955 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974).

In civil rights cases in which the Plaintiff appears pro se, the pleadings must be construed liberally, so as to afford the plaintiff the benefit of any doubt as to the potential validity of the claims asserted. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). If, despite such liberal construction, the Court finds that the complaint should be dismissed for failure to state a claim, the Court has the discretion to dismiss the complaint with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). A pro se litigant should be given leave to amend, unless it is clear that the deficiencies of the complaint cannot be cured by amendment. Lopez, 203 F.3d at 1130-31; Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

**A.  Federal Rule Of Civil Procedure 8(a).**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007); Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). "The plaintiff must

allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984).

**B. Federal Rule of Civil Procedure 20 Re: Unrelated Defendants and Unrelated Claims**.

Pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 20(a)(2), individuals may be joined in one action as defendants if any right to relief asserted against them arises out of the same transaction, occurrence or series of transactions and occurrences and any question of law or fact common to all defendants arises in the action. See also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)("Unrelated claims against unrelated defendants belong in different suits"). If unrelated claims are improperly joined, the Court may dismiss them without prejudice. Fed.R.Civ.P. Rule 21; 7 Wright, Miller & Kane, Federal Practice and Procedure; Civil 3d §1684 at 484 (2001); Michaels Building Co. v. Ameritrust Co., 848 F.2d 674, 682 (6th Cir. 1988)(affirming dismissal under Rule 21 of certain defendants where claims against those defendants did not arise out of the same transaction or occurrences, as required by Fed.R.Civ.P. 20(a)).

Plaintiff makes allegations regarding events at both CMC and PVSP. Having reviewed the nine claims asserted in the Complaint, the Court finds that they do not all arise from the same transaction, occurrence, or series of transactions or occurrences. Claims Four, Five, Six, Seven, Eight and Nine arise out of incidents that occurred at a different prison facility (PVSP), are asserted against different Defendants, and are materially different in nature than those asserted

6

in Claims One through Three, which arose at CMC. Plaintiff's Complaint thus fails to comply with Fed.R.Civ.P. 20(a)(2).

Additionally, pursuant to Fed.R.Civ.P. 18(a), a party asserting a claim for relief may join, as independent or as alternate claims, as many claims as it has against an opposing party. Thus, multiple claims against a single party are fine, but claim A against defendant 1 should not be joined with unrelated claim B against defendant 2. Unrelated claims against different defendants belong in different suits. Plaintiff's Complaint thus fails to comply with Fed.R.Civ.P. 18(a).

The Court cannot allow Plaintiff's unrelated claims against unrelated Defendants to proceed in the same action. See Fed.R.Civ.P. Rules 18, 20, 21. The Court will permit Plaintiff to pursue in the current Complaint only Claims One through Three, which occurred at CMC. Plaintiff's allegations regarding events at PVSP and all Defendants related therein, namely Warden Curry, Warden Yates, Associate Warden Mattingly, Associate Warden Brazelton, Captain Shannon, Correctional Counselor Huckabay, Sgt. Stone, M. Gastelum, Roger Kevorkian, A. Shimmin, Officer Belton, Correctional Counselor Duran, Correctional Counselor Herrera, Correctional Counselor Harten, Correctional Counselor Martinez, Correctional Counselor Macken, L. Wilson, and Associate Warden K. R. Nash are dismissed without prejudice for non-compliance with Fed.R.Civ.P. §§ 18(a) and 20. Plaintiff is advised that if he wishes to pursue a claim against the PVSP Defendants, Plaintiff should file a separate action.

## **SUMMARY OF PLAINTIFF'S COMPLAINT**

In Claim One, Plaintiff contends that prison officials at CMC

7

denied him his constitutional rights of access to the courts and interfered and thwarted his right to free speech. Plaintiff alleges he is a mobility-impaired inmate and was mistakenly sent to CMC in November 2008. Plaintiff was unable to climb stairs to his cell and to the dining room. Plaintiff was placed into the Administrative Segregation Unit ("ASU" or "hole") and told he would remain there until he was transferred from CMC. Plaintiff alleges he remained in the hole until February 2009. While in ASU, Plaintiff alleges he was denied access to his legal files. (Complaint at p. 10, ¶¶ 1-2.)

Specifically, Plaintiff alleges that he gave Defendant Garza a form requesting his legal files and personal property. Defendant Garza allegedly told Plaintiff that he did not get property for inmates transferring out of the hole. (Complaint at p. 11, ¶¶ 6-7.) Plaintiff alleges that he wrote numerous appeals requesting that he receive his legal files to Defendants B. C. Kirker, D. Williams and B. Escobedo. (Id. at pp. 12-13, ¶¶ 10-13.) Plaintiff alleges that he wrote to Defendant Warden Marshall requesting that he intervene. (Id. at p. 16, ¶¶ 20-21.) Plaintiff also alleges that his First Amendment rights were violated by Defendants. (Id. at p. 19, ¶ 31.)

In Claim Two, Plaintiff alleges he falls under the Americans with Disabilities Act ("ADA") and was discriminated against and suffered damages due to being disabled. (Complaint at p. 21, ¶ 35.) Plaintiff alleges he has used a cane since 2005, has lower back pain and crushed lower discs, and does not have cartilage in his right knee. Plaintiff alleges he is mobility impaired and up until his transfer to CMC was provided reasonable accommodations, such as not being forced to live in a cell upstairs, not assigned an upper bunk or a triple bunk. Plaintiff alleges he appeared before a Classification Committee who

interviewed him and brought up his disabilities. Plaintiff alleges he was unable to climb stairs but was nevertheless assigned a second tier cell. Plaintiff went to the medical clinic to discuss his medical situation and to advise officials that he also suffers from claustrophobia. Plaintiff alleges he was nevertheless placed in the ASU. (Complaint at pp. 21-24.) Plaintiff alleges he was issued a Rules Violation Report ("RVR") claiming that he had "refused to house" back in A-Quad. A hearing was held on the RVR wherein Plaintiff was found guilty. (Complaint at p. 31.)

In Claim Three, Plaintiff alleges that he was placed into isolation and refused his prescription glasses or reading glasses, which constituted cruel and unusual punishment and a violation of the Americans with Disabilities Act. (Complaint at pp. 35-38.)

In Claim Four, Plaintiff alleges that he had to serve an extra year in prison on the premise he needed to have a psychological evaluation in violation of statutes and the Federal Constitution and a violation of the Eighth Amendment. (Complaint at 39-41.)

In Claim Five, Plaintiff alleges that he has been subjected to a ten-month lockdown by prison officials with no exercise or ability to leave his cell based on his race, which has caused him permanent injury and constitutes cruel and unusual punishment. These allegations pertain to Plaintiff's imprisonment at PVSP. (See Complaint at pp. 42-53.)

In Claim Six, Plaintiff alleges that prison officials and guards have refused to return Plaintiff's legal files, which has caused him to be unable to access the courts and cases to be dismissed. (Complaint at pp. 54-59.)

In Claim Seven, Plaintiff alleges that prison officials at PVSP

have refused to allow him telephonic access to the courts repeatedly, causing dismissal of one case, damages and denial of access to the courts in violation of federal due process. (Complaint at pp. 60-65.)

In Claim Eight, Plaintiff alleges his right of access to the courts was denied by prison officials at PVSP's refusal to mail legal documents to attorneys hired by the State for state employees because of Plaintiff being indigent. (Complaint at pp. 66-69.)

In Claim Nine, Plaintiff alleges that prison officials at PVSP's refusal to process administrative appeals due to the Warden's stated policy not to, has repeatedly denied Plaintiff access to the courts and thwarted his free speech in violation of the Federal Constitution. (Complaint at pp. 70-77.)

**DISCUSSION**

For all of the following reasons, the Complaint should be dismissed with leave to amend.

**A.　Section 1983 Pleading Requirements**.

In order to state a claim under section 1983, a plaintiff must allege that: (1) the defendants were acting under color of state law at the time the complained of acts were committed; and (2) the defendants' conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. See, Johnson v. Knowles, 113 F.3d 1114, 1117 (9th Cir.), cert. denied, 522 U.S. 996, 118 S.Ct. 559 (1997); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 624 (9th Cir. 1988); Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc), cert. denied, 478 U.S. 1020 (1986). Liability under section 1983 is predicated upon an

affirmative link or connection between the defendants' actions and the claimed deprivations. See Rizzo v. Goode, 423 U.S. 362, 372-73, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

> A person deprives another of a constitutional right, where that person "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." [citation] Indeed, the "requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Johnson v. Duffy, 588 F.2d at 743-44.

**B.    Plaintiff's Access to the Court Claim Is Dismissed with Leave to Amend.**

Plaintiff alleges that Defendant Garza failed to return Plaintiff's personal property, including legal files and that his right to freedom of speech was thwarted. (Complaint at p. 10, ¶ 12.)

To the extent that Plaintiff is alleging that Defendants improperly confiscated his personal property, the Court notes that prisoners or pre-trial detainees have no reasonable expectation of privacy in their cells entitling them to Fourth Amendment protection against unreasonable search, seizure, destruction or conversion of their property. See Hudson v. Palmer, 468 U.S. 517, 527-28, 104 S.Ct. 3194 (1984); Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir.), cert.

11

denied, 493 U.S. 868 (1989); see also Bell v. Wolfish, 441 U.S. 520, 556-57, 99 S.Ct. 1861 (1979)(applying similar Fourth Amendment analysis to pre-trial detainees).

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonald, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974), and prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194 (1984); Parratt v. Taylor, 451 U.S. 527, 541-44, 101 S.Ct. 1908 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662 (1986)(a deprivation of property allegedly caused by a state employee does not constitute a valid §1983 constitutional claim if the state provides other adequate post-deprivation remedies). The Ninth Circuit has held that California law provides an adequate post-deprivation remedy for property deprivations caused by public officials. Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994); see Cal. Gov't. Code §§810-997.6. It is immaterial whether or not Plaintiff succeeds in redressing his loss through the available state remedies; it is the existence of these alternate remedies that bars him from pursuing a §1983 procedural due process claim. Willoughby v. Luster, 717 F.Supp. 1439, 1443 (D. Nev. 1989).

Moreover, neither the negligent nor intentional unauthorized deprivation of property by a government official gives rise to a constitutional claim under Section 1983 when adequate and meaningful

12

post-deprivation remedies for the losses are available. See <u>Hudson</u>, 468 U.S. at 533. The availability of a state tort action ordinarily precludes relief because it provides an adequate post-deprivation remedy for the deprivation of an inmate's property. See <u>King v. Massarweh</u>, 782 F.2d 825, 826 (9th Cir. 1986).

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the Government may support a §1983 claim. <u>Rizzo v. Dawson</u>, 778 F.2d 527, 532 (9th Cir. 1985). <u>See also</u> <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135 (9th Cir. 1989); <u>Pratt v. Rowland</u>, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights and (5) the action did not reasonably advance a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005); <u>see also</u> <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1269 (9th Cir. 2009). The prisoner must prove all the elements of a viable retaliation claim, including the absence of legitimate correctional goals for the conduct of which he complains. <u>Pratt v. Rowland</u>, 65 F.3d 802, 806 (9th Cir. 1995). An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under §1983. <u>Bruce v. Ylst</u>, 351 F.3d 1283, 1288 (9th Cir. 2003).

A plaintiff asserting a retaliation claim must demonstrate a causal nexus between that alleged retaliation and plaintiff's protected activity (i.e., filing a legal action). <u>Hartman v. Moore</u>, 547 U.S. 250, 259, 126 S.Ct. 1695 (2005); <u>see</u> <u>Mt. Healthy City School</u>

13

Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 97 S.Ct. 568 (1977). The requisite causation must be but-for causation, i.e., without the prohibited animus, the adverse action would not have been taken. Hartman, 547 U.S. at 260. Upon a prime facie showing of retaliatory harm, the burden shifts to the defendant official to demonstrate that even without the impetus to retaliate he would have taken the action complained of. Id. If there is a finding that retaliation was not a but-for cause of the action of which the plaintiff complains, the claim fails for lack of causal connection between unconstitutional motive and resulting harm despite the proof of retaliatory animus in the official's mind. Id. "It may be dishonorable to act with an unconstitutional motive and perhaps in some instances be unlawful, but action colored by some degree of bad motive does not amount to a constitutional tort, if that action would have been taken anyway." Id.

Adverse action is action that "would chill a person of ordinary firmness" from engaging in that activity. Pinard v. Clatskanie School District, 467 F.3d 755, 770 (9th Cir. 2006). Both litigation in court and filing inmate grievances are protected activities and it is impermissible for prison officials to retaliate against inmates for engaging in these activities. However, not every allegedly adverse action will be sufficient to support a claim under §1983 for retaliation. In the prison context, cases in this Circuit addressing First Amendment retaliation claims involve situations where the action taken by the defendant was clearly adverse to the plaintiff. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005)(arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault and retaliation for filing grievances); Austin v. Terhune, 367

F.3d 1167, 1171 (9th Cir. 2004)(retaliatory placement in administrative segregation for filing grievances); Bruce v. Ylst, 351 F3d 1283, 1288 (9th Cir. 2003)(retaliatory validation as gang member for filing grievances); Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997)(retaliatory issuance of false rules violation and subsequent finding of guilt); Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989)(inmate labeled him a snitch and approached by other inmates and threatened with harm as a result).

A plaintiff must submit evidence, either direct or circumstantial, establishing a link between the exercise of constitutional rights and the alleged retaliatory action. Pratt, 65 F.3d at 806. The timing of events surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory intent. (See Id.)

Additionally, there is no allegation that Plaintiff's First Amendment rights were "chilled." See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000). In fact, to the contrary, Plaintiff admits sending numerous letters and "requests for interview" to some of the Defendants, which appear to relate to Plaintiff's lack of access to his personal property while in administrative segregation. As such, this claim fails.

**C. The Allegations Of The Complaint Are Insufficient To State A Claim For Relief Against Defendant Warden Marshall.**

Liability may be imposed on an individual defendant under §1983 only if the plaintiff can show that the defendant proximately caused the deprivations of his federally protected rights of which he complains. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris

15

v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). Respondeat superior is not a sufficient basis for imposing liability under §1983. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 663-64 n. 7 (1978). State officials are not subject to suit under §1983 unless they play an affirmative part in the alleged deprivation. King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987).

Supervisory personnel generally are not liable under 42 U.S.C. §1983 on any theory of respondeat superior or vicarious liability in the absence of a state law imposing such liability. See Redman v. County of San Diego, 942 F.2d 1435, 1443-44 (9th Cir. 1991), cert. denied, 502 U.S. 1074 (1992). A supervisory official may be liable under §1983 only if he or she was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. See Id. at 1446-1447. To premise a supervisor's alleged liability on a policy promulgated by the supervisor, the plaintiff must identify a specific policy and establish a "direct causal link" between that policy and the alleged constitutional deprivation. See, e.g., City of Canton, Ohio v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197 (1989); Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992). A "failure to train" theory can be the basis for a supervisor's liability under §1983 in only limited circumstances. See City of Canton, 489 U.S. at 387-90 (liability only where failure to train amounts to deliberate indifference).

Plaintiff has failed to provide any factual allegations against Defendant Marshall, identify any particular policy or policies promulgated by Defendant Marshall which allegedly had a direct causal link to the alleged civil rights violations about which Plaintiff is

complaining.  Additionally, Plaintiff has failed to allege sufficient facts to support a "failure to train" theory.  Thus, the allegations of the Complaint are insufficient to state a federal civil rights claim upon which relief can be granted as to Defendant Marshall.

**D. <u>Plaintiff Has Failed to State a Claim under the Americans with Disabilities Act</u>**.

Plaintiff in conclusory language alleges that Defendants have violated the Americans with Disabilities Act ("ADA").  In order to state a claim under Title II of the ADA, Plaintiff must allege that (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of the prison's services, programs or activities; (3) he was either excluded from participation in or denied the benefits of the prison's services, programs or activities, or was otherwise discriminated against by the prison; and (4) such exclusion, denial or discrimination was by reason of his disability. 42 U.S.C. §12132; <u>Simmons v. Navajo County, Arizona</u>, 609 F.3d 1011, 1021 (9th Cir. 2010); <u>McGary v. City of Portland</u>, 386 F.3d 1259, 1265 (9th Cir. 2004).

Plaintiff's claim is not cognizable against Defendants in their individual capacities.  Although the term "public entity" includes state prisons, it does not include individuals such as the Defendants in this action.  <u>See</u> <u>Pennsylvania Dept. of Corrections v. Yeskey</u>, 524 U.S. 206, 210, 118 S.Ct. 1952 (1998)(state prisons fall squarely within statutory definition of "public entity"); <u>Vinson v. Thomas</u>, 288 F.3d 1145, 1156 (9th Cir. 2002)(plaintiff cannot sue state officials in their individual capacity to vindicate rights created by Title II of the ADA), <u>cert. denied</u>, 537 U.S. 1104 (2003).

Further, irrespective of the capacities in which Plaintiff sues Defendants, Plaintiff fails to allege specific facts as to Defendants' personal participation in a violation of the ADA. The ADA prohibits discrimination because of disability, not inadequate treatment for disability. Simmons v. Navajo County, 609 F.3d 1011, 1021-22 (9th Cir. 2010). The treatment or lack of medical treatment for Plaintiff's condition does not provide a basis upon which to impose liability. Burger v. Bloomberg, 418 F.3d 882, 882 (8th Cir. 2005)(medical treatment decisions not basis for ADA claims); Fitzgerald v. Corrections Corp. of America, 403 F.3d 1134, 1144 (10th Cir. 2005)(medical decisions not ordinarily within scope of ADA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996)("The ADA does not create a remedy for medical malpractice."); O'Guinn v. Nevada Dept. Of Corrections, 2010 WL 4395442 *4 (D. Nev. 2010). (Although Plaintiff's counsel framed Plaintiff's deprivation of care as discrimination, the Court remained convinced Plaintiff's claim sounds in medical negligence. The case involved difference of opinion regarding proper mental health treatment, not discrimination under ADA or RA.)

Plaintiff provides no evidence that any Defendant participated in or was otherwise responsible for excluding him from numerous activities, programs and benefits otherwise available to him. Plaintiff's general reference to the rights of disabled prisoners under the ADA is not sufficient to meet his burden to plead the elements of a claim under the ADA. Accordingly, Plaintiff's ADA claims should be dismissed with leave to amend.

//

//

//

1     **E.   Plaintiff Fails to State a Claim Based on the Processing of His Grievances**.

"An inmate has no due process rights regarding the proper handling of grievances." Wise v. Washington State Department of Corrections, 244 Fed. Appx. 106, 108 (9th Cir. 2007), cert. denied, 552 U.S. 1282, 128 S.Ct. 1733 (2008).[1] See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003)("Inmates lack a separate constitutional entitlement to a specific prison grievance procedure."); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1998)("There is no legitimate claim of entitlement to a grievance procedure."). Thus, Plaintiff cannot state a claim based on the mishandling or denial of his grievances.

### CONCLUSION AND ORDER

In an abundance of caution, Plaintiff will be afforded an opportunity to amend his Complaint to attempt to overcome the defects discussed above, and to allege a cognizable constitutional claim Accordingly, **IT IS HEREBY ORDERED**: (1) Plaintiff's Complaint is dismissed with leave to amend; and (2) Plaintiff is granted 30 days from the date of this memorandum and order within which to file a "First Amended Complaint." The First Amended Complaint must be complete within itself and shall not incorporate by reference any portion of the original or First Amended Complaint. Plaintiff may not

//

//

//

---

[1] The Court may cite unpublished Ninth Circuit decisions issued on or after January 1, 2007. United States Court of Appeals for the Ninth Circuit Rule 36-3(b); Fed.R.App.P. 32.1(a).

add new parties without leave of the Court.  Failure to comply with the requirements set forth in this Memorandum and Order may result in a recommendation that this action be dismissed with prejudice.

DATED: July 18, 2011  /s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE