UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BARRY JAMESON,<br><br>             Plaintiff,<br><br>     v.<br><br>JOHN MARSHALL,<br><br>             Defendant. | No. CV 10-08790-CAS (VBK)<br><br>ORDER TO SHOW CAUSE REGARDING THREE STRIKES |

**I**

**PROCEDURAL HISTORY**

On February 11, 2011, Plaintiff Barry Jameson, a state prisoner proceeding pro se and in forma pauperis ("IFP"), filed a civil rights action pursuant to 42 U.S.C. § 1983.

On July 18, 2011, the Court issued an Order Dismissing Complaint with Leave to Amend.

On August 23, 2011, Plaintiff filed a First Amended Complaint.

**A.   Three Strikes**.

A review of the record of actions filed by Plaintiff in the United States District Court reveals that Plaintiff has filed three

actions that were dismissed as frivolous, malicious or for failing to state a claim upon which relief may be granted.

"[I]n no event shall a prisoner bring a civil action ... under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a Court of the United States that was dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[1]

Determining whether Plaintiff's actions count as strikes under § 1915(g) requires the Court to conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews, 398 F.3d at 1121. Strikes include dismissals styled as denials of prisoner applications to file an action without prepayment of the full filing fee on the ground that the complaint is frivolous, malicious or fails to state a claim. O'Neal v. Price, 531 F.3d 1146, 1152-53 (9th Cir. 2008). Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed in forma pauperis. Andrews v. King, 398 F.3d at 1116 n.1; see also Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007)(Under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the

---

[1] Section 1915(g) was enacted as part of the 1996 amendments to the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321, § 804(d)(the "PLRA"). Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "This subdivision is commonly known as the 'three strikes' Provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim." Id.

three strikes rule[.]").

The Court takes judicial notice of the following cases which appear to count as strikes: (1) <u>Jameson v. CDCR</u> 3:96-CV-00889-IEG-RBB (S.D. Cal.), dismissed January 27, 1997 for failure to state a claim, pursuant to <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994);[2] (2) <u>Jameson v. CDCR</u>, 3:96-CCR-01175-H-LSP (S.D. Cal.)(dismissed January 24, 1997 for failure to state a claim, pursuant to <u>Heck</u>); and (3) <u>Jameson v. CDCR</u>, 3:96-CV-01797-K-RBB (S.D. Cal.)(dismissed January 22, 1997, for failure to state a claim, pursuant to <u>Heck</u>).

It appears to the Court that Plaintiff has three or more "strikes" well before Plaintiff filed this action on February 11, 2011 and is subject to § 1915(g). Therefore, Plaintiff may be precluded from proceeding <u>in forma pauperis</u> unless he was, at the time this Complaint was filed, under imminent danger of serious physical injury.

### CONCLUSION

Because it appears that Plaintiff has on three or more prior occasions brought civil actions that have been dismissed as frivolous or for failure to state a claim, the Court **HEREBY ORDERS**:

(1) Plaintiff **SHALL SHOW CAUSE** within thirty (30) days of the date of service of this Order why the above-mentioned actions do not count as "strikes" under 28 U.S.C. § 1915(g) and why the action should not be dismissed without prejudice to allow Plaintiff to refile with

---

[2] Dismissals pursuant to <u>Heck</u> count as § 1915(g) strikes as Plaintiff would fail to state a claim. See <u>Romero v. United States, et al.</u>, 2011 U.S. Dist. Lexis 39224 (D. Az. April 5, 2011). (Finding cases dismissed pursuant to <u>Heck</u> are dismissals for failure to state a claim.)

3

the submission of the $350 filing fee.

**IT IS SO ORDERED.**


DATED: May 2, 2012              /s/
                         VICTOR B. KENTON
                         UNITED STATES MAGISTRATE JUDGE